FILED
 2014 Oct-06  PM 02:49
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **CHANDA JOHNSON,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | |
| vs. ) | **Civil Action No. CV-13-S-1088-NE** |
| ) | |
| **J.C. PENNEY CORPORATION,** ) | |
| **INC.,** ) | |
| ) | |
|     **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Chanda Johnson, asserts claims against her former employer, J.C. Penney Corporation, Inc. ("J.C. Penney"), for discrimination and retaliation under the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101 *et seq.*, interference with her rights under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and retaliation for exercising her rights under the FMLA.[1] The case currently is before the court on defendant's motion for summary judgment.[2]

Federal Rule of Civil Procedure 56 provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In other words, summary judgment is proper "after adequate time for discovery and

---

[1] *See* doc. no. 1 (Complaint).

[2] Doc. no. 26.

upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In making this determination, the court must review all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995)). Inferences in favor of the non-moving party are not unqualified, however. "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence, but is pure conjecture and speculation." *Daniels v. Twin Oaks Nursing Home*, 692 F.2d 1321, 1324 (11th Cir. 1983) (alteration supplied). Moreover,

> [t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is *material* to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman*, 229 F.3d at 1023 (quoting *Haves*, 52 F.3d at 921) (emphasis and alteration supplied). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986) (asking "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a

matter of law").

Upon review of the parties' pleadings, briefs, and evidentiary submissions, the court concludes there are genuine issues of material fact with regard to: whether defendant failed to reasonably accommodate plaintiff's disability by altering her work schedule; whether defendant's proffered legitimate, non-discriminatory reasons for its decision to terminate plaintiff's employment actually were a mere pretext for a discriminatory or retaliatory motive; and, whether defendant interfered with plaintiff's rights under the FMLA. Accordingly, defendant's motion for summary judgment is DENIED.

This court is of the opinion that this dispute could be resolved by mediation Accordingly, it is ordered that the parties select a mediator on or before October 21, 2014, and proceed to mediation in accordance with this court's Alternative Dispute Resolution Plan. If the parties fail to agree upon a mediator within the time set forth herein, the court will select a mediator from its panel of neutrals. Mediation must occur on or before November 17, 2014. The parties are directed to inform the court of the name, address, and telephone number of the mediator, as well as the date for mediation. Communication with the court regarding any aspect of the mediation ordered shall be directed to Mrs. Lisa Waters, 101 Holmes Avenue, Huntsville, AL 35801, telephone 256-533-9490.

In the event that mediation is unsuccessful, a pretrial conference is set for Monday, November 24, 2014, at 1:30 p.m., in the United States Courthouse located at 101 Holmes Avenue in Huntsville, Alabama, in accordance with the attached instructions.

DONE this 6th day of October, 2014.

_____
United States District Judge