FILED
 2015 Mar-31  PM 01:30
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| CHANDA JOHNSON, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| vs. | )   **Civil Action No. CV-13-S-1088-NE** |
| | ) |
| J.C. PENNEY CORPORATION, INC., | ) |
| | ) |
|    Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case is before the court on plaintiff's motion *in limine*.[1] Upon consideration of the motion, and defendant's response thereto,[2] the court concludes that the motion should be granted in part, denied in part, and denied as moot in part.

### I. EVIDENCE REGARDING PLAINTIFF'S EMPLOYMENT HISTORY PRIOR TO THE DEFENDANT

Plaintiff first moves to exclude from presentation at trial "any and all evidence or testimony regarding her employment history and records in relation to employers prior to the Defendant," as well as any summary of her employment history that might be offered by defendant.[3] Plaintiff asserts that any such evidence would not be relevant to plaintiff's claims for claims for discrimination and retaliation under the

---

[1] Doc. no. 61.

[2] Doc. no. 65.

[3] Doc. no. 61 ¶ 1.

Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12101 *et seq.*, interference with her rights under the Family Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and retaliation for exercising her rights under the FMLA, and that any probative value of such evidence would be outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, or waste of time. *See* Fed. R. Evid. 401, 402, and 403.

Defendant states that it "does not anticipate introducing evidence relating to Johnson's prior employment history at this time."[4] Accordingly, this aspect of plaintiff's motion *in limine* will be denied as moot. Even so, this ruling will not prevent defendant from presenting evidence of plaintiff's prior employment history in order to impeach plaintiff, if necessary.

## II. EVIDENCE REGARDING THE DETERMINATIONS/DISMISSALS AND NOTICES OF RIGHT TO SUE ISSUED BY THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION TO PLAINTIFF

Plaintiff next asks the court to exclude any "evidence relating to the E.E.O.C.'s determination of the Plaintiff's Charge against the Defendant, including, but not limited to, the EEOC determination letter and related correspondence issued to Plaintiff."[5] The Eleventh Circuit has held that a trial judge has broad discretion to

---

[4] Doc. no. 65 ¶ 2.
[5] Doc. no. 61 ¶ 8.

deny the admission of EEOC determinations in jury trial settings. *See, e.g., Walker v. NationsBank of Florida, N.A.,* 53 F.3d 1548, 1554 (11th Cir. 1995). Defendant does not appear to contest this point, acknowledging that, "[t]o the extent that Johnson seeks to exclude *all* submissions to and determinations from the EEOC relating to its investigation of Johnson's Charge," it does not object to plaintiff's request.[6] Accordingly, this aspect of plaintiff's motion *in limine* will be granted. All evidence regarding submissions to and determinations from the EEOC relating to the investigation of plaintiff's charge will be excluded, regardless of whether that evidence is offered by plaintiff or defendant.

### III. EVIDENCE OF OTHER LITIGATION AND/OR ADMINISTRATIVE CLAIMS TO WHICH PLAINTIFF HAS BEEN A PARTY

Plaintiff anticipates, based upon questions asked during her deposition, that defendant "may attempt to offer evidence at trial regarding other litigation and/or administrative claims to which Plaintiff has been a party, specifically including: (1) Plaintiff filing a worker compensation claim related to carpal tunnel syndrome with a prior employer, Anderson News."[7] Defendant "does not anticipate introducing evidence relating to Johnson's prior litigation and administrative claims at this time."[8]

---

[6] Doc. no. 65 ¶ 6 (alteration and emphasis supplied).

[7] Doc. no. 61 ¶ 10.

[8] Doc. no. 65 ¶ 7.

Accordingly, this aspect of plaintiff's motion *in limine* will be denied as moot. Even so, this ruling will not prevent defendant from presenting evidence of plaintiff's prior claims in order to impeach plaintiff, if necessary.

### IV. EVIDENCE THAT PLAINTIFF PERFORMED SALON SERVICES IN HER HOME WHILE EMPLOYED WITH DEFENDANT

Plaintiff next asks the court to exclude any evidence that she performed salon services at her home during the time period when she was employed by defendant as a salon stylist. Specifically, that evidence includes testimony and a handwritten note by Lydia Gipson, J. C. Penney's Loss Prevention Officer who investigated the incident that led to plaintiff's termination, that plaintiff admitted to sometimes performing salon services at her home.[9]

Plaintiff asserts that any such evidence would be "immaterial, irrelevant, would result in undue and unfair prejudice to the plaintiff, would confuse the jury, and would be inadmissible hearsay and character evidence."[10] The court agrees that defendant should not be permitted to offer evidence of plaintiff's performance of salon services from her home *as a reason for plaintiff's termination*. As plaintiff points out, defendant has never claimed that her performance of salon services from her home was a reason for her termination, and it should not be permitted to assert

---

[9] *See* doc. no. 65, Exhibit B (Excerpts from Deposition of Lydia Gipson), at 62.
[10] Doc. no. 61 ¶ 19.

that reason for the first time at trial.

Even so, as defendant points out, evidence regarding plaintiff's performance of salon services from her home could be relevant to other issues in this litigation. For example, that evidence could be probative of the nature of the relationship between plaintiff and Olivia Baker, the client for whom J.C. Penney alleges that plaintiff improperly discounted services. If plaintiff sometimes cut Ms. Baker's hair at home, outside the J.C. Penney salon setting, that might indicate that plaintiff and Ms. Baker had a special relationship that would motivate plaintiff to offer Ms. Baker special, even inappropriate, discounts inside the salon.

The evidence also is relevant to the accuracy of defendant's salon records, which plaintiff has challenged during discovery. The court is persuaded by defendant's cogent description of the probative value of this evidence:

> JCPeneny's salon records indicated that Baker had not received salon services for a considerable period of time before the June 9th "redo." Johnson contends that she performed a "quick weave" and haircut for Baker in late May, even though no such appointment appears in JCPenney's records. Johnson's explanation for the absence of such services in JCPenney's records is that the records are inaccurate. However, Johnson's admission to Loss Prevention that she performed services from her home provides an alternative explanation for the absence of the services from JCPenney's records. The jury should be given the opportunity to weigh the credibility of Johnson and JCPenney's witnesses on this issue and makes [*sic*] its own determination as to the accuracy of JCPenney's records.[11]

---

[11] Doc. no. 65 ¶ 13 (alteration supplied).

Finally, defendant asserts that the evidence is "probative as to the level of credence that J.C. Penney Loss prevention afforded Johnson's explanations for her conduct during the course of their investigation."[12]  During the course of the Loss Prevention investigation that eventually led to her termination, plaintiff provided varying explanations for her conduct, including that she sometimes performed salon services from her home.  Thus, even though the evidence is not admissible as a direct reason for plaintiff's termination, it can be admitted to explain why J.C. Penney did not fully credit all of plaintiff's statements during the investigation.  There also is no indication that this evidence will be impermissibly offered as character evidence, or that it constitutes inadmissible hearsay.

In summary, this aspect of plaintiff's motion *in limine* will be granted in part and denied in part.

## V. EVIDENCE REGARDING THE TIP/TIP AMOUNT GIVEN TO PLAINTIFF BY CUSTOMER OLIVIA BAKER

Plaintiff next asks the court to exclude evidence "regarding the amount of a tip left for the Plaintiff by her client, Olivia Baker, in connection with a salon service."[13] The tip was "in excess of the cost of the services purchased."[14]  Plaintiff asserts that

---

[12] *Id.* ¶ 14.
[13] Doc. no. 61 ¶ 30.
[14] *Id.*

evidence about the tip would be "immaterial, irrelevant, would result in undue and unfair prejudice to the Plaintiff, would confuse the jury, and would be inadmissible hearsay and character evidence."[15]

Plaintiff relies primarily upon the deposition testimony of Brian May, the Store Manager who made the decision to terminate plaintiff's employment after the Loss Prevention investigation. May stated that the reason for plaintiff's termination was "violation of sales procedures," specifically, that plaintiff "performed a service and reduced it tremendously, and the actual service that was performed was not the service that was booked."[16] He then clarified that the termination decision was made because plaintiff did not charge enough for the service that actually was performed, not for the mere fact that she ended up performing a service other than the one that was "on the books."[17] The following dialogue then occurred:

> Q. Okay. Did you make the decision to terminate Ms. Johnson, was it because she didn't charge Ms. Baker for the haircut or was it that she didn't charge Ms. Baker for the haircut and also got what your records indicate as a twenty-six-dollar tip? Was it both factors or just[ *sic*]?
>
> A. Just that she charged incorrectly.
>
> Q. Okay. So, what she got for a tip didn't matter one way or

---

[15] *Id.*

[16] Doc. no. 26-3 (Deposition of Brian May), at 262.

[17] *Id.* at 265-66.

>    the other in your decision to terminate her?
>
>    A.   No.
>
>    Q.   If she had gotten a five-dollar tip it wouldn't have mattered?
>
>    A.   No.
>
>    Q.   Okay. So that's irrelevant as far as the termination, the tip amount?
>
>    A.   Yes.[18]

Plaintiff relies upon that testimony to assert that the tip amount is irrelevant because it had nothing to do with May's decision to terminate plaintiff's employment.

The court does not agree that this excerpt from May's testimony can be so strictly construed. A more reasonable reading of May's testimony is that plaintiff was not fired for the isolated reason that she received a twenty-six-dollar tip. If she had received that tip after appropriately charging for the services performed for a client, that presumably would not have been a problem. Instead, defendant believes that plaintiff undercharged her client for the services she performed, resulting in her receipt of a large personal tip instead of J.C. Penney's receipt of proper payment. In short, plaintiff's receipt of a twenty-six-dollar tip simply cannot be divorced from the other circumstances that led to her termination.

---

[18] *Id.* at 291-92 (alteration supplied).

Additionally, there is no indication that this evidence will be impermissibly offered as character evidence, or that it constitutes inadmissible hearsay.

Accordingly, this aspect of plaintiff's motion *in limine* will be denied. Even so, there is nothing stopping plaintiff from using May's deposition as impeachment if May offers inconsistent testimony during trial.

### VI. EVIDENCE REGARDING PLEADINGS, RULINGS, ORDERS, JUDGMENTS OR OTHER ITEMS FILED WITH OR ISSUED BY THIS COURT

Finally, plaintiff seeks to exclude

> any and all evidence or testimony regarding the pleadings or other documents filed by the parties in this matter, and any rulings, decisions, orders and/or judgments entered in this matter by the Court prior to trial as such evidence is irrelevant, would result in undue and unfair prejudice to the Plaintiff, would confuse the jury, would cause undue delay and waste of time, and would be inadmissible character evidence.[19]

She also claims that any such evidence would constitute inadmissible hearsay.[20]

Defendant concedes that "some pre-trial matters are inappropriate to introduce as evidence at trial," but it nonetheless asserts that plaintiff's "request is so broad as to include verified discovery responses and other matters that constitute admissible evidence."[21]

---

[19] Doc. no. 61 ¶ 42.

[20] *Id.* ¶ 43.

[21] Doc. no. 65 ¶ 24.

The court agrees that plaintiff's request is framed too broadly for a ruling *in limine*. Accordingly, this aspect of plaintiff's motion will be denied. If there are particular portions of the pretrial record that plaintiff wishes to challenge, she may do so in context during the course of trial.

## VII. CONCLUSION AND ORDERS

In accordance with the foregoing, plaintiff's motion *in limine* is GRANTED in part, DENIED in part, and DENIED AS MOOT in part.

DONE this 31st day of March, 2015.

_____
United States District Judge